UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------X  
P.K. and P.K., on behalf of P.K.,

       Plaintiffs,

- against -

BEDFORD CENTRAL SCHOOL DISTRICT,

       Defendant.  
------------------------------------------------------------X

**ECF**

**ANSWER**

Case No. CV 07-8494

  The Defendant, BEDFORD CENTRAL SCHOOL DISTRICT, (hereinafter referred to as "DISTRICT"), by its attorneys, INGERMAN SMITH, LLP, answering the Complaint, allege as follows:

  1. The DISTRICT admits the allegations contained at paragraphs "4", "5", "6", "7", "8", "9", "10", "11", "121", "122" and "126" of the Complaint.

  2. The DISTRICT denies each and every allegation contained at paragraphs "36", "47", "59", "73", "74", "76", "77", "88", "92", "93", "94", "98", "101", "107", "117", "119", "124", "127", "129", "132", "133", "136", "137", "145", "149", "161", "163", "164", "165", "166" and "167" of the Complaint.

  3. The DISTRICT denies knowledge or information sufficient to form a belief as to each and every allegation contained at paragraphs "90", "91" and "130" of the Complaint.

  4. The DISTRICT denies each and every allegation contained at paragraphs "13", "14", "15", "16", "17", "18", "19", "21", "22", "23", "25", "26", "29", "30", "32", "33", "37", "38", "39", "40", "41", "44", "45", "49", "50", "51", "52", "53", "54", "55", "57", "58", "60", "61", "62", "63", "64", "65", "66", "67", "68", "69", "70", "71", "72", "79", "82", "84", "85", "86", "87", "89", "95", "96", "100", "102", "103", "104", "106", "108", "109", "110", "111",

"112", "113", "115", "120", "140", "141", "142", "143", "147", "148", "150", "151", "152", "154", "155", "156", "157", "158", "159" and "160" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

5. The DISTRICT admits each and every allegation contained at the first sentence of paragraph "1" of the Complaint.

6. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "1" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

7. The DISTRICT denies each and every allegation contained at the fourth and fifth sentences of paragraph "1" of the Complaint.

8. The DISTRICT admits the allegations contained at the first sentence of paragraph "2" of the Complaint, except denies knowledge or information sufficient to form a belief as to when the parents received the Decision of the State Review Officer ("SRO").

9. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "2" of the Complaint, except admits that attached to the Complaint as Exhibit "A" is the SRO Decision, dated May 30, 2007, in which the SRO denied the K.'s claim for reimbursement for the private unilateral placement of P.K. at the Wisdom Ranch School, transportation costs and reimbursement for a psychological evaluation as well as dismissed their challenge of the appropriateness of the District's recommendation to place P.K. in the Keys to Emotional Awareness ("KEA") program at Fox Lane High School for the 2005/06 and 2006/07 school years.

10. The DISTRICT denies each and every allegation contained at paragraph "3" of the Complaint, except admits that the action is brought pursuant to the provisions of the Individuals with Disabilities Education Improvement Act, and in particular, 20 U.S.C. §1415(i)(2)(A).

11. The DISTRICT admits the allegations contained at the first sentence of paragraph "12" of the Complaint.

12. The DISTRICT denies each and every allegation contained at the second through fourth sentences of paragraph "12" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

13. The DISTRICT admits the allegations contained at the first sentence of paragraph "20" of the Complaint.

14. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "20" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

15. The DISTRICT admits the allegations contained at the first sentence of paragraph "24" of the Complaint.

16. The DISTRICT denies each and every allegation contained at the second through fifth sentences of paragraph "24" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

17. The DISTRICT denies each and every allegation contained at paragraph "27" of the Complaint, except admits that P.K.'s annual review for the 2004/05 school year was held on

June 3, 2004, and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

18. The DISTRICT denies each and every allegation contained at the first and second sentences of paragraph "28" of the Complaint, except admits that the District's Committee on Special Education ("CSE") recommended the KEA program for P.K. for the 2004/05 school year and that the K.'s agreed with the CSE's recommendation.

19. The DISTRICT denies knowledge or information sufficient to form a belief as to each and every allegation contained at the third sentence of paragraph "28" of the Complaint.

20. The DISTRICT denies each and every allegation contained at the first and second sentences of paragraph "31" of the Complaint, except admits that P.K. was a "model student" in the KEA program.

21. The DISTRICT denies each and every allegation contained at the third sentence of paragraph "31" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

22. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "34" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

23. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "34" of the Complaint.

24. The DISTRICT denies each and every allegation contained at paragraph "35" of the Complaint, except admits that P.K. was suspended for threatening another student on March 9, 2005.

25. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "42" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

26. The DISTRICT denies each and every allegation contained at the second sentence of paragraph "42" of the Complaint and respectfully refers the Court to the entire SRO Decision, dated May 30, 2007, for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

27. The DISTRICT denies each and every allegation contained at paragraph "43" of the Complaint, except admits that at the annual review meetin held on March 22, 2005, the CSE recommended the KEA program for P.K. for the 2005/06 school year and that the K.'s agreed with the CSE's recommendation.

28. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "46" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

29. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "46" of the Complaint.

30. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "48" of the Complaint.

31. The DISTRICT denies each and every allegation contained at the second sentence of paragraph "48" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

32. The DISTRICT denies each and every allegation contained at the first and second sentences of paragraph "56" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

33. The DISTRICT denies each and every allegation contained at the third and fourth sentences of paragraph "56" of the Complaint.

34. The DISTRICT denies each and every allegation contained at the first and second sentences of paragraph "75" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

35. The DISTRICT denies each and every allegation contained at the third sentence of paragraph "75" of the Complaint.

36. The DISTRICT admits each and every allegation contained at sentence 1 of paragraph "78" of the Complaint.

37. The DISTRICT denies each and every allegation contained at the second sentence of paragraph "78" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

38. The DISTRICT denies each and every allegation contained at the third sentence of paragraph "78" of the Complaint.

39. The DISTRICT admits the allegations contained at the first sentence of paragraph "80" of the Complaint.

40. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "80" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

41. The DISTRICT denies each and every allegation contained at the fourth sentence of paragraph "80" of the Complaint.

42. The DISTRICT denies each and every allegation contained at paragraph "81" of the Complaint, except admits that a KEA team meeting was held on January 17, 2006.

43. The DISTRICT denies each and every allegation contained at paragraph "83" of the Complaint, except admits that the K.'s requested exploration of residential programs.

44. The DISTRICT denies each and every allegation contained at paragraph "97" of the Complaint, except admits that a CSE meeting was scheduled for March 9, 2006, and that the K.'s provided notice to the DISTRICT by letter, dated February 23, 2006, that they were privately placing P.K. at the Wisdom Ranch School effective March 13, 2006.

45. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "99" of the Complaint.

46. The DISTRICT denies each and every allegation contained at the second sentence of paragraph "99" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

47. The DISTIRICT denies each and every allegation contained at paragraph "105" of the Complaint and respectfully refers the Court to the entire Impartial Hearing Officer ("IHO") Findings of Fact and Decision, dated March 9, 2007, for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

48. The DISTRICT denies the allegations contained at the first sentence of paragraph "114" of the Complaint.

49. The DISTRICT denies the allegations contained at the second sentence of paragraph "114" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

50. The DISTRICT denies each and every allegation contained at paragraph "116" of the Complaint, except admits that the minutes reflect that the CSE members agreed that the student should continue in the KEA program as that program could meet his needs in the least restrictive environment.

51. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "118" of the Complaint.

52. The DISTRICT denies each and every allegation contained at the second and third sentences of paragraph "118" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

53. The DISTRICT denies each and every allegation contained at paragraph "123" of the Complaint, except admits that P.K.'s annual review was held on June 19, 2006, and that the CSE denied the K.'s request for a residential placement.

54. The DISTRICT denies each and every allegation contained at paragraph "125" of the Complaint, except admits that the CSE recommended the KEA program for P.K. for the 2006/07 school year.

55. The DISTRICT admits the allegations contained at the first and second sentences of paragraph "131" of the Complaint.

56. The DISTRICT denies each and every allegation contained at the third sentence of paragraph "131" of the Complaint and respectfully refers the Court to the entire IHO Findings

of Fact and Decision, dated March 9, 2007, for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

57. The DISTRICT denies each and every allegation contained at paragraph "134" of the Complaint, except admits that the IHO denied tuition reimbursement to the K.'s because, among other reasons, the K.'s did not share "critical information available from the institutions P.K. entered."

58. The DISTRICT denies each and every allegation contained at paragraph "135" of the Complaint, except admits that the IHO found that the KEA program was appropriate for P.K.

59. The DISTRICT denies each and every allegation contained at paragraph "138" of the Complaint, except admits that at page 32 of the IHO Decision, the Impartial Hearing Officer states that "Drug abuse is not a classification under IDEA. Based on the information the district had at the time of the CSE review, the district's recommendation was appropriate."

60. The DISTRICT denies each and every allegation contained at paragraph "139" of the Complaint, except admits that P.K. was classified by the CSE as having an emotional disturbance and that P.K. was entitled to a free appropriate public education in accordance with Federal and State law.

61. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "144" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

62. The DISTRICT denies each and every allegation contained at the second through fourth sentences of paragraph "144" of the Complaint, except admits that the IHO found that Wisdom Ranch School was inappropriate for P.K.

63. The DISTRICT denies each and every allegation contained at the first sentence of paragraph "146" of the Complaint.

64. The DISTRICT denies each and every allegation contained at the second through fourth sentences of paragraph "146" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

65. The DISTRICT denies each and every allegation contained at the first through sixth sentences of paragraph "146" of the Complaint and respectfully refers the Court to the entire record for the truth, accuracy and complete context of the allegations made therein by Plaintiffs.

66. The DISTRICT denies each and every allegation contained at the seventh and eighth sentences of paragraph "146" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68. The State Review Officer correctly held that the DISTRICT's CSE had developed IEPs that were appropriate for P.K. and reasonably calculated to allow him to receive educational benefit during the 2005-2006 and 2006-2007 school years.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69. The Impartial Hearing Officer correctly ruled in favor of the DISTRICT and dismissed the K.'s claims, in their entirety.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

70. The DISTRICT submits that the private residential school placement selected by the parents is inappropriate.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

71. The DISTRICT submits that equitable considerations do not support the parents' claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

72. In the unlikely event that the Court determines that the DISTRICT failed to provide P.K. with a free appropriate public education in the 2005-2006 and/or the 2006-2007 school year, the DISTRICT submits that this matter should be remanded to the State Review Officer for a determination of whether the parents' private placement was appropriate and whether equitable considerations support the parents' claims.

WHEREFORE, the Defendant, BEDFORD CENTRAL SCHOOL DISTRICT, demands judgment upholding the State Review Officer's Decision, in its entirety, and dismissing the Complaint, in its entirety, together with attorneys' fees, costs and disbursements, as well as such other and further relief as the Court deems just and proper.

Dated: Harrison, New York
October 23, 2007

Respectfully submitted,

INGERMAN SMITH, LLP

By: _____
RALPH C. DeMARCO (RD/1339)

Attorneys for Defendant
BEDFORD CSD
550 Mamaroneck Avenue, Suite 209
Harrison, New York 10528
(914) 777-1134

TO:    LEAH L. MURPHY (LLM/8934)
       KUNTZ, SPAGNOLO & MURPHY, P.C.
       Attorneys for Plaintiffs,
          P.K. and P.K., on behalf of P.K.
       444 Old Post Road
       Bedford Village, New York 10506
       (914) 234-6363

| Index No. | Year | RJI No. | Hon. |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
P.K. and P.K., on behalf of P.K.,

                                Plaintiffs,

        - against -

BEDFORD CENTRAL SCHOOL DISTRICT,

                              Defendant.

-----------------------------------------------------------X

**ANSWER**

Case No. CV 07-8494

**INGERMAN SMITH, L.L.P.**
*Attorneys for*

*Office and Post Office Address, Telephone*
**550 MAMARONECK AVENUE SUITE 209**
HARRISON, NEW YORK 10528

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within        is hereby admitted.

Dated,

                          Attorney(s) for

Please take notice
☐ **NOTICE OF ENTRY**
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order        of which the within is a true copy will be presented for
settlement to the HON.        one of the judges
of the within named court, at
on        at        M

Dated,

                          Yours, etc.
                **INGERMAN SMITH, L.L.P.**
                *Attorneys for*

To        *Office and Post Office Address*
      **550 MAMARONECK AVENUE SUITE 209**
Attorney(s) for        HARRISON, NEW YORK 10528

STATE OF NEW YORK, COUNTY OF                     ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am
the attorney(s) of record for                                                             in the within
action; I have read the foregoing                                         and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:                                                                                    ..................................................
                                                                                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                     ss.:
I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing
                              and know the contents thereof; the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the                              of
a                              corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                                                                 ..................................................
                                                                                      The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                     ss.:        (If more than one box is check—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                              I served the within

☐ **Service By Mail** by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein*:

☐ **Service by Electronic Means** by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

                                                                                      ..................................................
                                                                                      The name signed must be printed beneath
Sworn to before me on